FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

01 FEB 27 AM 10: 02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **ALLEN COLLINS,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-00-N-3187-S |
| **CINCINNATI INSURANCE COMPANY, et al.,** | ] | |
| Defendant(s). | ] | |

**ENTERED**
FEB 2 7 2001

**Memorandum of Opinion**

## I.   Introduction

The plaintiff, Allen Collins ("Collins"), initially commenced this action in the Circuit Court of Jefferson County, Alabama, on November 24, 1999, alleging state law claims against Cincinnati Insurance Company ("CIC") and Pieter Kes ("Kes"), a CIC claims representative/adjuster. On November 8, 2000, CIC removed this lawsuit to federal court, basing removal on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. The action is presently before the court on Collins' Motion to Remand to state court, filed on December 5, 2000 (Doc. No. 5).

The issues have been fully briefed by both parties and are now ripe for decision. Although the parties have proffered numerous theories in support of their respective positions, whether CIC properly removed this action to federal court turns in large part on whether Kes was properly joined as a defendant in this action. If Kes is a proper party to this action, then this case should be remanded to state court because diversity jurisdiction is destroyed. If Kes was fraudulently joined, however, then there is complete diversity and



this court should retain jurisdiction. For the reasons that follow, the motion to remand will be **DENIED**.

## II.     Statement of Facts

Collins, a citizen of Alabama, purchased a homeowners insurance policy from CIC, a foreign corporation, in or around June of 1997. In the summer of 1999, while soliciting "bids" for removal/reconstruction of the fireplace in his home, Collins learned that the floor underneath his kitchen had sustained water damage. The water damage was purportedly caused by leaks from one or more appliances in Collins' kitchen. On or about August 2, 1999, Collins filed a property damage claim with CIC, his insurance carrier. The claim was assigned to Kes, a CIC claims adjuster and citizen of Alabama, for the purpose of assessing the amount of the loss as well as the extent of CIC coverage. On or around August 19, 1999, Kes examined the damage to the kitchen floor and allegedly represented that the water damage was a "covered peril" under the CIC insurance policy. A few days later, however, Kes notified Collins that his loss was due to "wet rot" and, as such, was not a covered peril.

As noted above, Collins originally brought suit in the Circuit Court of Jefferson County, Alabama, on November 24, 1999. On the one hand, Collins maintains that CIC breached the parties' insurance agreement by refusing, in bad faith, to provide certain coverage. On the other hand, however, Collins takes the position that his loss is not a covered peril, but he was damaged when Kes negligently, recklessly, or intentionally represented (for approximately three days) that the loss would be covered. On September 5, 2000, the defendants moved for summary judgment as to fraud claims against Kes as well as the breach of contract claims against CIC. The state circuit court denied summary

judgment as to the contract claims, but granted summary judgment as to the fraud claims against Kes. On November 8, 2000, soon after the circuit court granted summary judgment with respect to Kes, but prior to the entry of final judgment pursuant to Ala. R. Civ. P. 54(b), CIC removed the action to this court. In its removal petition, CIC maintains that this court has diversity jurisdiction, despite the absence of a final judgment dismissing Kes, because Kes was fraudulently joined in this action in an attempt to defeat federal diversity jurisdiction. CIC therefore urges the court to disregard Collins' claims against Kes and uphold the removal of this action.

### III.    Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Therefore, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal jurisdiction is limited, the removal statute, 28 U.S.C. § 1441 *et seq.*, must be strictly construed against removal and any doubts should be resolved in favor of remand. *Burns*, 31 F.3d at 1095.

### IV.    Discussion

Diversity jurisdiction cannot exist unless there is complete diversity of citizenship between the plaintiffs and all defendants. 28 U.S.C. § 1332. In other words, if parties on opposite sides of an action are each residents of the state in which the action is pending, there is no federal diversity jurisdiction. If a non-diverse party was fraudulently joined, however, the non-diverse party may be dismissed, leaving the federal court with diversity

3

jurisdiction. The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant . . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . . [A third situation arises] where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted). The defendant bears the "heavy burden" of proving fraudulent joinder. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). In order "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* "If there is a possibility that the state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court." *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d. 1220, 1222 (M.D. Ala. 1999). Finally, in addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

      In the present case, CIC relies solely upon the proposition that there is no possibility that Collins can state a cause of action against defendant Kes. To determine the validity of CIC's argument, the court must examine the allegations made by Collins against Kes. The pleadings appear to state a claim against Kes for fraudulent misrepresentation. "The elements of fraudulent misrepresentation are well settled: (1) a false representation; (2) of

4

a material fact; (3) that is justifiably relied upon; and (4) damage proximately caused by the plaintiff's reliance." *Cunningham v. H.A.S., Inc.*, 74 F. Supp. 2d. 1157, 1162 (M.D. Ala. 1999). CIC maintains that Collins cannot state a claim against Kes because there is absolutely no evidence suggesting that Collins detrimentally relied on Kes' statement. For the reasons that follow, the court tends to agree.

It is undisputed that, on or about August 16, 1999, Kes visited Collins' residence and orally indicated that the water damage underneath Collins' kitchen was a covered peril under the CIC policy. It is also undisputed that, on or about August 19, 1999, Kes denied Collins' claim. (Plf. Ex. C, pp. 84-85, 89). Therefore, in order to state a claim for misrepresentation, Collins must have taken some action between August 16, 1999, and August 19, 1999, in reliance on Kes' representations. The evidence before the court suggests, however, that Collins entered into a binding contract for the repair of his kitchen floor on August 12, 1999, and the contractor commenced work on August 13, 1999. (Plf. Ex. C, p. 69; Ex. D, pp. 33-36). Therefore, regardless of whether Kes negligently, recklessly, or intentionally misrepresented the scope or existence of insurance coverage, there is no proof that Collins relied upon the representation to his detriment. Instead, the evidence suggests that, with or without insurance coverage, Collins was committed to going forward with the repairs to his kitchen floor. For this reason, the court concludes that Collins does not have a viable claim against Kes. Notably, although the state circuit court Judge did not certify his judgment as final pursuant to Rule 54(b) prior to the removal of this action, he reached a similar conclusion with respect to the viability of Collins' misrepresentation claims initially and upon reconsideration. The motion to remand will be denied.

## V. Conclusion

The court has reviewed plaintiff's additional arguments in support of remand and finds those arguments unavailing. For the reasons set forth above, the plaintiff's motion to remand is **DENIED**. An appropriate order will be entered contemporaneously with this opinion.

Done, this 27th of February, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE